IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| RONALD G. LOOMAN, | ) | Cause No. CV 05-89-BU-RFC-RWA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| OFFICER MIKE WICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff Ronald Looman filed this civil rights action under 42 U.S.C. § 1983 on December 30, 2005. He is a state prisoner proceeding pro se.

**I. Order to Show Cause**

On April 7, 2006, Looman filed an Amended Complaint. Because Looman failed to sign the Amended Complaint, the Court issued an order to show cause why the pleading should not be stricken. Looman responded on September 11, 2006. The signature page was eventually located and is now attached to the Amended Complaint. Consequently, Looman has shown good cause why the case should not be dismissed on the grounds that he failed to sign the Amended Complaint.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

**II. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims.  28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez*, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe pro se pleadings.  *Balistreri v.*

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III. Looman's Allegations

On March 15, 2005, Looman had surgery at Bozeman Deaconess Hospital to repair a double hernia.  To control post-operative pain, Looman's doctor prescribed two Tylox pills every four hours.  *See* Am. Compl. (doc. 5) at 5, ¶ 1.

The next day, March 16, 2005, Looman was arrested and taken to the Gallatin County Detention Center.  He was placed in a holding cell in the early evening.  Looman alleges that he was not given his prescription pain medication until about 1:30 or 2:00 a.m.  He also claims that he had about 32 pills when he was arrested, but when he saw the prescription bottle, only six pills were in it.  He asserts that the officers on duty at the detention center – Devries, Jane Doe, Harbaugh, Wick, and an unidentified officer in the control cage – were deliberately indifferent to his serious medical need for pain control because they did not properly inventory his medication, did not permit him to take it, and did not respond to his calls for help.  *Id*. at 5-9, ¶¶ 2-36.

Looman also alleges that a nurse practitioner, Stephanie Catron, changed his prescription from Tylox to Vicodin and decreased the dosage to one pull twice a day, which was not sufficient to control his pain, and that, on March 18, another nurse, Joyce Young, told him that his pain medication had been discontinued altogether.  When Looman told officers that he was in

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

pain, they responded that nothing could be done because no nurse was on duty in the evening or at night time. *Id*. at 10-11, ¶¶ 47-54.

Looman contends that Sergeant Lower failed to properly investigate his complaints about his pain and his stolen medication. Am. Compl. at 9, ¶¶ 42-43. Looman continued his attempts to obtain redress for his grievances into May and June, 2005, by making complaints to Sergeant Gootkin and Officer Richardson, but neither of them responded. *Id*. at 11-12, ¶¶ 57-67. Looman asserts that Sheriff Jim Cashell failed to provide adequate medical care despite his knowledge of its medical deficiencies. *Id*. at 15, ¶ 82.

Looman claims that the Defendants violated his Eighth Amendment right to adequate medical care and his Fourteenth Amendment right to due process by failing to respond to his grievances. He also asserts a pendent tort claim for medical malpractice. *Id*. at 5, ¶ IV.A.

For his relief, Looman seeks declaratory and injunctive relief as well as compensatory and punitive damages. *Id*. at 20-24, ¶¶ A-H.

**IV. Analysis**

    **A. Right to Adequate Medical Care**

Because Looman does not say why he was arrested, it is not

clear whether he was a pretrial detainee or whether he had been adjudged guilty of a crime before he was arrested.  The Court will assume, for present purposes, that Looman was a pretrial detainee.  Consequently, his claims regarding medical care will be analyzed under the substantive due process clause of the Fourteenth Amendment.  *See Lolli v. County of Orange*, 351 F.3d 410, 418-19 & n.6 (9th Cir. 2003).  Under Ninth Circuit law, however, at this point, the legal standards are identical to those that would apply to claims by convicted persons under the Eighth Amendment.

The Eighth Amendment requires that prisoners receive adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  *See also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  Prisoners must also be protected from serious risks to their health.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993); *Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995).

To show a violation of the Eighth Amendment, a prisoner must show both (1) that he was confined under conditions posing a risk of objectively sufficiently serious harm and (2) that the officials had a sufficiently culpable state of mind in denying the proper medical care.  *Lolli*, 351 F.3d at 419 (quoting *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)) (internal quotation marks omitted).  The pertinent state of mind is "deliberate

indifference." Deliberate indifference under an Eighth Amendment medical care claim requires consideration of "the seriousness of the prisoner's medical need" and "the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id*. (quoting *Estelle*, 429 U.S. at 104). As examples of serious medical needs, the Ninth Circuit has listed the following:

> The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin*, 974 F.2d at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases) and *Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir. 1989)). Mere disagreement between a prisoner-patient and prison medical personnel over the need for or course of medical treatment is not a sufficient basis for an Eighth Amendment violation. Instead, the plaintiff "must show that the course of treatment the [medical providers] chose was medically unacceptable under the circumstances, and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Looman's allegations support an inference that the officers on

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

duty at the time he was arrested knew or should have known that he had undergone surgery on the previous day and that he had been prescribed medication to control post-operative pain. However, his allegations show only that he was deprived of his pain medication for a maximum of about eight hours. While the Court does not condone that deprivation, it is not objectively sufficiently serious to acquire constitutional dimension. Looman was given his prescribed pain medication.

Similarly, the nurse practitioner's decision to change the drug and decrease the dosage demonstrates only a disagreement over the proper course of treatment. Looman was not deprived of prescription pain medication until March 18, three days after his surgery. He does not say that he was deprived even of aspirin or other non-prescription pain relief. Nor does he allege that he suffered medically serious pain for a substantial period of time after March 18. The Court has no doubt that he would have said so if he did.

Despite the careless and unnecessary nature of the GCDC staff's disregard for Looman's pain, Looman does not state a claim for deprivation of his federal constitutional right to adequate medical care. The Court has considered whether he should be given an opportunity to amend his pleading. However, this is not a case in which the plaintiff lacks knowledge as to what facts must be pled in support of a claim. The facts here simply do not add up to

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

a constitutional violation. Amendment would be futile. Looman's medical care claims should be dismissed.

### B. Due Process

Looman also alleges that no one adequately investigated his grievances. Although prisoners have a right to petition the government for redress of grievances, *see* U.S. Const. Amend. I, "[t]here is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citing *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982), and *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)). Looman does not claim that he was prevented from voicing his grievances. The Court can only conclude that he suffered no legally cognizable injury as a result of the fact that GCDC staff did not respond to his complaints. Moreover, since there was no violation of his constitutional right to adequate medical care, those defendants who failed to respond to Looman's complaints could not have contributed to a violation of his right to adequate medical care. Looman's due process claim should be dismissed with prejudice.

### C. State Claim

Finally, Looman invokes the Court's supplemental jurisdiction over claims sounding in tort under state law, *see* Am. Compl. at 5, ¶ IV.A, though he does not specifically allege facts to support a malpractice claim. Even if he did, the Court should decline to

exercise supplemental jurisdiction, because all of Looman's federal claims should be dismissed with prejudice. *See* 28 U.S.C. § 1367(c)(3).

### ORDER

Based on the foregoing, **IT IS ORDERED** that the Order to Show Cause, issued on September 5, 2006, is DISCHARGED.

### RECOMMENDATION

Also based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Looman's Amended Complaint (doc. 5) be DISMISSED WITH PREJUDICE and the docket reflect that Looman's filing of this action counts as one strike against him for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing,

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

or objection is waived.

    Looman must immediately inform the Court of any change in his mailing address.  Failure to do so may result in dismissal of the case without notice to him.

    DATED this <u>7th</u> day of November, 2006.

<u>/s/ Richard W. Anderson</u>
Richard W. Anderson
United States Magistrate Judge